375 F.2d 1013
 Reuben GAMBLE et al., Appellants,
v.
CITY OF DUBLIN, GEORGIA, Appellee.
Gloria OUTLER et al., Appellants,
v.
CITY OF DUBLIN, GEORGIA, Appellee.
Reuben GAMBLE et al., and Gloria Outler et al., Appellants,
v.
CITY OF DUBLIN, GEORGIA, Appellee.
Reuben GAMBLE et al., Appellants,
v.
William JOSEY et al., Appellees.
 Nos. 22923, 22924, 23546.
 United States Court of Appeals Fifth Circuit.
 April 21, 1967.
 
 Howard Moore, Jr., Atlanta, Ga., Jack Greenberg, New York City, Anthony G. Amsterdam, Philadelphia, Pa., Thomas Jackson, Macon, Ga., Charles Stephen Ralston, New York, City, for appellants.
 Beverly B. (B.B.) Hayes, Dublin, Ga., for appellee.
 Before BROWN and BELL, Circuit Judges, and BREWSTER, District Judge.
 PER CURIAM:
 
 
 1
 Appellants in these cases were engaged in civil rights activities in the City of Dublin, Georgia. Numbers 22,923 and 22,924 involve cases removed to the federal court under 28 U.S.C.A. 1443 from the Recorder's Court of that city where appellants were charged with violating city ordinances. The District Court remanded the cases after a hearing. The record demonstrates that the orders of remand were correctly entered. City of Greenwood, Miss. v. Peacock (Peacock v. City of Greenwood), 1966, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944. The facts do not make out cases within the scope of State of Georgia v. Rachel, 1966, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925.
 
 
 2
 Number 23,546 involves a complaint for an injunction against the city police chief. It is based generally on allegations that he interfered with activities of the appellants and also failed to provide them with police protection while they were in pursuance of their constitutional rights. The chief sought an injunction by way of cross-relief. The District Court denied appellants' request for injunction but granted the request of the chief. Appellants, no longer seeking injunctive relief, contend in this particular case only that it was error to enter the injunction sought by the chief. The injunction requires appellants to comply with the ordinances of the city in carrying on their activities. The parade ordinance of the city is subject to the same type of constitutional infirmity found in Strother v. Thompson, 5 Cir., 1967, 372 F.2d 654, and Guyot v. Pierce, 5 Cir., 1967, 372 F.2d 658, (dated February 14, 1967); and King v. City of Clarksdale, Miss., 1966, 186 So.2d 228. Moreover, the matter of injunctive relief should have been resolved within the context of Kelly v. Paige, 5 Cir., 1964, 335 F.2d 114. The District Court erred in granting the injunction. It must be vacated.
 
 
 3
 The judgment of the District Court in Numbers 22,923 and 22,924 are affirmed. The Judgment in Number 23,546 is reversed.